### W. F. MITCHELL v. WESTERN UNION TELEGRAPH COMPANY.

#### Decided April 18, 1900,

**Telegraph Company—Negligence—Contributory Negligence—Damages.**

In a suit against a telegraph company for failure to deliver a dispatch to plaintiff from his agent in charge of a distant ranch, informing him of a failure of water thereon, damages to cattle for want of water being claimed because plaintiff, by failing to get the dispatch, was prevented from making timely arrangements to secure other water and range, which his agent could not effect,—it was necessary, in the absence of limitation on the agent's powers, to show his inability to make such arrangement without plaintiff's personal presence and influence.

APPEAL from the District Court of Hays County. Tried below before Hon. H. TEICHMUELLER.

For previous appeals in this case, see Mitchell v. Telegraph Company, 5 Texas Civil Appeals, 527; Mitchell v. Telegraph Company, 12 Texas Civil Appeals, 262; Telegraph Company v. Mitchell, 44 Southwestern Reporter, 1075; same case on certified questions, 91 Texas, 454.

*L. H. Browne* and *Brown & Pritchett,* for appellant.

*L. T. Dashiell* and *Denman, Franklin, Cobbs & McGown,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellant sued appellee for damages, general and special, for failure to deliver a telegraph message received by it at Marfa, Texas, and addressed to appellant at San Marcos, Texas. The petition upon which the case went to trial contained the following among other averments:

"3. Plaintiff states that on and prior to the 24th day of March, 1890, he had a cattle ranch located in said Presidio County a few miles distant from said town of Marfa, and at the same time he had on it a great number of live stock, to wit, about ten thousand head of cattle,

the property of plaintiff. That plaintiff was then and had been for many days just prior thereto absent from said ranch, but that said ranch and cattle were then and there under the management of one F. A. Mitchell, who was then and there present and resided on said ranch, and who was then and there, in the absence of plaintiff, his agent for the management of said ranch and cattle. That said cattle then, and continuously thereafter, required for their subsistence a large amount of water. That up to the 23d day of March, 1890, the supply of water on said ranch was sufficient for said cattle; but that on the 23d day of March, 1890, the supply of water on said ranch became and was suddenly reduced in quantity, and by reason whereof there was no longer then, nor for many days thereafter, sufficient water upon said ranch for the sustenance of said cattle, so that said cattle were, on said 24th day of March, 1890, in danger of perishing for want of water unless speedily relieved by an adequate supply thereof. That the cause or causes of such reduction in the quantity of said water were and are to plaintiff unknown, neither is he informed thereof. That said F. A. Mitchell could not himself, in the absence of plaintiff, procure for said cattle the needed supply of water. That plaintiff was then in said town of San Marcos. That in plaintiff's absence from said ranch, said F. A. Mitchell could not make the arrangements necessary to obtain the needed supply of water, because that special negotiations on behalf of plaintiff with some third party or parties were required in order to effect such arrangements, and because that, in the absence of plaintiff, said F. A. Mitchell could not himself make, neither could anyone else make, such negotiations and effect such arrangements. That such arrangements were practicable and could have been successfully negotiated by plaintiff himself, in the manner and to the effect shown and alleged in the hereinafter written sixth (6th) paragraph of this petition, had he been present at his said ranch, and that, too, in time to have prevented the hereinafter described injuries, but that his personal presence at said ranch was necessary in order to effect such arrangements.

"4.    That accordingly, on the 24th day of March, 1890, the said F. A. Mitchell as such agent of plaintiff caused to be delivered to defendant at its said office in the town of Marfa, at about thirty-five (35) minutes after eight o'clock in the morning of that day, by the hands of one William Gillett, a message in writing to be then immediately transmitted by defendant over its said telegraph line from said town of Marfa to said town of San Marcos, and to be delivered by defendant in said town of San Marcos to plaintiff immediately upon its arrival there; which said message in writing was in substance as follows, viz: 'Marfa, Texas, 3/24, '90.—To W. F. Mitchell, San Marcos: Water is getting low; come out. (Signed) F. A. Mitchell.' Which said message in writing, so delivered to defendant by the hands of said Gillett, defendant then and there, to wit, in said town of Marfa, on said 24th day of March, 1890, and at about thirty-five (35) minutes after eight o'clock a. m., accepted from said F. A. Mitchell for such transmission over its said

line, and then and there promised to transmit it immediately over its said telegraph line from said town of Marfa to said town of San Marcos, and to deliver the same to plaintiff in said town of San Marcos immediately upon its arrival there, plaintiff paying the toll therefor, to wit, the sum of fifty cents. That when said message in writing was so delivered to and accepted by defendant, to wit, at the time and place and in the manner aforesaid, defendant was then and there, at the same time, notified of and informed of the aforesaid dangerous situation of said cattle,—that they were upon said ranch, that the supply of water had become insufficient for them, that they were in present danger of starving for water, of the urgent necessity for the personal presence of plaintiff at said ranch in order that he might provide water for them, and that the said message in writing was intended to summon him to come at once from said town of San Marcos to said ranch with all possible speed, in order that he might make arrangements necessary to obtain the needed supply of water.

"5.  Plaintiff says that defendant having accepted the delivery to it of said message in writing at the time and place and in the manner aforesaid, it thus then and there became and was the duty of defendant to transmit said message from said town of Marfa to said town of San Marcos diligently, and promptly to deliver the same to plaintiff in said town of San Marcos. Yet defendant, negligently conducting itself in the premises, did not deliver said message to plaintiff, but with gross negligence defendant utterly failed and neglected to deliver said message to plaintiff, to the damage of plaintiff, as hereinafter said. That when said message was so delivered to and accepted by defendant in said town of Marfa, plaintiff was at his home in said town of San Marcos, in which last said town he, with his family—consisting of his wife and younger children—then resided, all of which defendant then and there well knew, or by the exercise of reasonable diligence might have known. Plaintiff states that if defendant had exercised reasonable diligence in the premises, it could have transmitted and delivered said message, but it utterly failed and neglected so to do to the damage of plaintiff as hereinafter more specifically stated, in the sum of twenty-seven thousand and 50/100 dollars ($27,000.50) and in the manner hereinafter alleged.

"6.  Plaintiff further states that at that date, to wit, March 24, 1890, the shortest, most direct, and the usual line of travel from said San Marcos to his said ranch was by the International & Great Northern Railroad from San Marcos to the city of San Antonio; from thence by the Galveston, Harrisburg & San Antonio Railroad to Paisano, a section house on that railroad, and at which he was accustomed to alight from the cars in going that way to his said ranch; and from thence by private conveyance about four miles to the headquarter house on his said ranch; and that at that period of time, and traveling as a passenger by that route and means, he and others usually completed the entire

journey from San Marcos to said ranch within about twenty-four (24) hours.

"Plaintiff further states that had defendant with due care and diligence transmitted and delivered to him said message, he thereupon could and would have gone forthwith to his said ranch, traveling as a railroad passenger and by private conveyance, over and by the lines and route aforesaid, and reaching his ranch within about twenty-four hours after beginning the journey. That then, immediately upon reaching his ranch, he could and would have gone himself in person, to one O. Durant, a cattleman, who then and there resided in near vicinity to plaintiff's ranch, and who used and controlled a certain cattle range in said Presidio County, lying in the Chinati Mountains, at about fifty miles distance from plaintiff's said ranch, and upon which said Durant kept a part of his own cattle, and upon which there was a great abundance of water, sufficient in quantity for the cattle of said Durant and also for the said cattle of plaintiff, and pasturage sufficient for the sustenance of them all; and that, by and through his own personal negotiations with said Durant, plaintiff then could and would have obtained from him, forthwith, permission to transfer plaintiff's said cattle from plaintiff's said ranch to the said range so used and controlled by said Durant in said mountains, and permission to keep them there upon said water and pasturage until this emergency should be passed. That having thus obtained such permission from said Durant, plaintiff then could and would have driven his said cattle immediately, by and with the assistance of his ranch hands, away from his said ranch across the country to the said Durant range in said mountains, and turned them loose there upon the water and pasturage on that range, and that, too, in time to have prevented the hereinafter described injuries and losses. That said Durant range in said mountains was the nearest point to plaintiff's ranch, within his knowledge, at which he could have obtained a supply of water, with necessary pasturage needed to relieve his cattle; and that he has reason to believe and does believe, and therefore avers it to be true, that that was the only point within that distance from his ranch at which he could have obtained available relief.

"7. Plaintiff further says that he was, at the same time, ignorant of the aforesaid dangerous situation of his said cattle, and that, being ignorant of it, he remained absent from said ranch for several days, to wit, three days, longer than he would have done if defendant had delivered said message to him with reasonable diligence. That he actually did arrive at said ranch but three days later than he would if defendant had delivered said message to him with reasonable diligence; that he arrived too late to prevent the hereinafter described injuries.

"That meanwhile, during said three days next prior to plaintiff's arrival at said ranch, said cattle, by and through and because of said negligence of defendant in regard to said message, were without sufficient water from day to day, and suffered from day to day for want of it, and were greatly injured by their said sufferings thus caused by de-

fendant's said negligence. That from and by and because of their said sufferings thus caused by defendant's said negligence, eleven hundred of the cows of plaintiff among said cattle that were heavy with calf were caused to lose and did lose their calves, and were thus diminished in value to the amount of five thousand five hundred dollars ($5500); that from and by their said sufferings for want of water so caused by defendant's said negligence, five hundred and fifty of plaintiff's said cattle, then and there of the value of six thousand dollars ($6000), died, and that from and by their said sufferings for want of water, so caused by defendant's said negligence, the remainder of said cattle were greatly emaciated, and were thus diminished in value to the amount of fifteen thousand and five hundred dollars ($15,500).

"Wherefore, plaintiff says that, by reason of the premises hereinbefore set out in this petition and in and through and by the said negligence of defendant in regard to said message in writing and the said injuries to his said property caused thereby, plaintiff was and is actually damaged in the aggregate sum of twenty-seven thousand and 50/100 dollars as aforesaid ($27,000.50) and for which he brings this suit."

And in the trial amendment filed by the plaintiff, the following allegations were made: "That in the absence of plaintiff, said F. A. Mitchell could not himself alone have effected the same or any similar arrangements with said Durant; that plaintiff and said Durant had had more or less business intercourse with each other in the cattle business in that section of the country at a period anterior to March 24, 1890, wherein plaintiff, upon the personal application of said Durant to him, had from time to time and gratuitously, as emergencies arose, extended to said Durant in person material and valuable assistance, for which said Durant considered himself under personal obligations to plaintiff, and which he held himself ready to reciprocate; but that to secure and obtain that reciprocity it required the personal appeal of plaintiff. That in consideration of these relations between them, and upon the personal appeal of plaintiff, said Durant could and would have granted to plaintiff the permission aforesaid."

Appellant submitted evidence tending to support the other material averments in his pleading, but failed to prove that F. A. Mitchell, his agent, could not have negotiated the necessary arrangements with Durant for the relief of the cattle. On the contrary, Durant testified in substance that the agent could have made the same arrangements with him for water and grass for the cattle that were made by appellant when he reached the ranch, a few days after the telegram was sent. Durant's evidence, which is not disputed, shows clearly that F. A. Mitchell, appellant's son and agent, could have secured from Durant any favor in the matter referred to that appellant himself could have secured.

On this state of proof, the trial court held that the plaintiff was not entitled to recover damages for injury to his cattle, and directed a ver-

dict for the defendant on that issue. The plaintiff has appealed and assigns error on the ruling referred to.

The trial court's charge discloses the fact that the judge was of the opinion that the averments in appellant's pleading that his agent could not, and he alone could, make the necessary arrangements for the relief of his cattle, were material averments, proof of which was essential to a recovery of damages for injury to the cattle.

Counsel for appellant strenuously combat this view, their contention being that the averments referred to are not essential and should be treated as surplusage. After due consideration, we have reached the conclusion that the trial court was correct, and that the failure to make the proof referred to was fatal to the plaintiff's case. The plaintiff's petition discloses the fact that he had a ranch in a distant county stocked with cattle; that he had an agent in charge thereof, the petition not disclosing any restriction upon the authority of the agent; it further shows a sudden and great diminution in the supply of water on the ranch, thereby rendering it necessary to procure water elsewhere for the cattle. It is not pretended, either in pleading or proof, that the telegraph company contributed in any sense to, or was in anywise responsible for, the failure of the plaintiff's water supply, and it was only sought to hold it liable for failure to deliver to the plaintiff a message which would have disclosed to him a necessity for his personal attendance at the ranch.

Now, in the absence of averment and proof showing that, by the terms of his contract of employment, the agent was without authority to do whatever was necessary for the protection of the cattle in the emergency referred to, the agent had such authority; and therefore it was necessary to allege and prove that he was unable to accomplish that which the plaintiff himself could have accomplished. These averments were necessary to show a necessity for the plaintiff's personal attendance at the ranch. Under the conditions disclosed by the pleading and proof, we think it was necessary for the plaintiff to show a necessity for his personal presence at the ranch, in order to recover damages resulting to his cattle for the lack of drinking water.

Counsel for appellant contend that the question referred to is res adjudicata in this case, because, it is asserted, this court on a former appeal decided the question against the telegraph company. The question has not been heretofore presented in the form that it now arises, and we deem it unnecessary to say whether former rulings are to the extent and effect claimed by appellant, because this court is not the tribunal of last resort in this case, and if it has committed error in the former ruling, the parties ought not to be concluded thereby.

We think the case was properly disposed of in the court below, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.